(C. D. 518)

LYKES BROS. (RIPLEY STEAMSHIP CO.) *v.* UNITED STATES

468

## United States Customs Court, Third Division

(Decided June 17, 1941)

*Royston & Rayzor (Robert Eikel, Jr.,* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General *(Charles J. Miville* and *Joseph E. Weil,* special attorneys), for the defendant.

Before CLINE and KEEFE, Judges

KEEFE, Judge: This action arising at New Orleans involves the sum of $4,112.60 exacted by the collector of customs on the cost of certain repairs made upon the steamship *Oakwood,* an American vessel documented under the laws of the United States, duty having been assessed by the collector at 50 per centum ad valorem under the provisions of section 466 of the Tariff Act of 1930.

The master of the *Oakwood* applied to the Secretary of the Treasury for a remission of the duties assessed in accordance with section 466, on the ground that the damage to the vessel was caused by a casualty while en route to England, and that the repairs were necessary to secure the safety and seaworthiness of the vessel so as to enable her to reach her port of destination. The application for the remission of the duties was denied by the Treasury Department. Thereupon the owner of the vessel filed a protest with the collector of customs claiming that the ruling made by the Acting Commissioner of Customs was erroneous because such repairs were necessitated as a result of a casualty at sea and were necessary to enable the vessel to reach her home port The plaintiff alternatively claims that the work performed and the materials supplied for the vessel constituted additions to the hull and machinery of the vessel as replacements of old material rather than repairs to said vessel. The latter claim, however, was not pressed at the trial, the plaintiff apparently relying solely upon the contention that the Secretary of the Treasury in refusing to grant a remission of duties acted illegally.

The section of the Tariff Act of 1930 called in issue in the action before us under the protest filed provides as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. *The equipments, or any part thereof,* including boats, purchased for, *or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States* to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, *shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country;* * * *

"SEC 3115. If the owner or master of such vessel furnishes good and sufficient evidence—

"(1) *That such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and* purchase such equipments, or *make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination;*

\*　　　\*　　　·\*　　　\*　　　\*　　　\*　　　\*

*then the Secretary of the Treasury is authorized to remit or refund such duties,* and such vessel shall not be liable to forfeiture　\*　\*　\*

Under the foregoing statutory provisions the master or owner of a vessel is required to make entry and pay 50 per centum ad valorem duties on the cost of repairs and the materials used upon the first arrival of the vessel in the United States under penalty of forfeiture. It is the duty of the collectors of customs to collect such duties. However, a special provision is made that such duties may be remitted or refunded *by the Secretary of the Treasury* when the owner or master of the vessel furnishes him with good and sufficient evidence that the repairs were necessitated by stress of weather or other casualty.

The jurisdiction of the United States Customs Court is derived under the provisions of section 514 of the Tariff Act of 1930, providing in part as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

\*　\*　\* *all decisions of the collector,* including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, *shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction,* or filing such claim for drawback, or seeking such entry or delivery, *shall, within sixty days after, but not before such liquidation,* reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, *file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto.*　\*　\*　\*

The plaintiff herein duly filed protest according to law with the collector of customs within 60 days after liquidation. However, the reasons for the objection to the liquidation complained about, upon which the plaintiff relies, do not question the collector's authority to exact the duties collected, nor the amount thereof, nor his decision as to the rate of duty. The complaint relied upon is that the evidence furnished the Secretary of the Treasury was of such character that the

Treasury Department should have refunded the duties exacted and that an error was made in not ordering such refund.

The courts have held that the refusal of the Secretary of the Treasury to act is not reviewable by this court.

In the case of *Mills & Gibb* v. *United States*, 8 Ct. Cust. Appls. 31, T. D. 37164, the question involved the refusal of the Secretary of the Treasury to direct the collector to assess duty upon less than the entered value. The protest was filed under the provisions of the Tariff Act of 1913. In paragraph I, section 3, it was provided that duty shall not be assessed upon an amount less than the entered value unless by direction of the Secretary of the Treasury in cases where the merchandise was entered to meet advances by the appraiser in similar cases then pending upon appeal for reappraisement and the importer's contention is subsequently sustained by a final decision. The Secretary denied the application because the importer's contention was not sustained in the former entry, the court sustaining the contention only in part. The court stated:

In the present case accordingly the Secretary refused to direct the collector to assess duty upon an amount less than the entered value of the merchandise, but on the contrary instructed him to assess duty upon the full entered value thereof. This instruction, of course, did not arm the collector with any new authority in the premises, but simply required him to perform whatever duty was imposed upon him by statute in the absence of special instructions in behalf of the importers. Under these circumstances the collector was bound by the letter of the law at least to assess duty upon the entered value of the merchandise, and this he did.

The court held that the provision of law in question was designed by Congress to vest in the Secretary the sole and exclusive authority to direct assessment upon an amount less than the entered value and a refusal by him to direct such an assessment is not reviewable by the court upon an appeal from the collector's assessment in such case.

In the case of *Sullivan* v. *United States*, Abstract 46618, protest was filed against the action of the Secretary of the Treasury in refusing to grant a remission of duty upon the installation of a compressor upon an American ship in a foreign port. The court held that:

Although competent to do so if he so desired in his discretion, the Secretary of the Treasury failed to order remission of the duty, although appealed to, and unless authorized by an order of the Secretary of the Treasury, the collector had no power to remit the duty and his decision was undoubtedly correct. * * *

In the case of *Hammermill Paper Co.* v. *United States*, T. D. 41147, it was held that section 514, Tariff Act of 1922, does not confer jurisdiction upon this court to review the action of the Secretary of the Treasury in remitting or refusing to remit duties upon ship equipments or ship repairs, predicated upon the furnishing of evidence purporting to show that a ship, while in the regular course of her voyage, was compelled by stress of weather or other casualty to

put into a foreign port for the purchase of such equipments or the making of such repairs to secure the safety of the vessel and enable her to reach her port of destination, as authorized by section 3115 of the Revised Statutes, as amended by section 466 of the Tariff Act of 1922. The court observed that the decisions of the collector as to what constitute ship repairs and ship equipments, and the cost of the same, are subject to review by the court. The court also commented upon the language "within the jurisdiction of the Secretary of the Treasury" which appeared for the first time in section 514 of the Tariff Act of 1922, and was of the opinion that thereby Congress intended to limit rather than enlarge the jurisdiction of the customs tribunals, and was written into the law for the sole purpose of excluding from the jurisdiction of the court protests directed against decisions of the collector in respect to matters falling outside of the administration of the customs laws. See also *Berry* v. *United States,* Abstract 10939.

In view of the decisions of this and the appellate court above referred to, it is apparent that this court is without jurisdiction to entertain protests made against the refusal of the Secretary of the Treasury to grant remission of duty levied by the collector upon ship's repairs under the provisions of section 466 of the Tariff Act of 1930. It is therefore unnecessary for us to refer here to the evidence adduced by the plaintiff in an effort to establish that the repairs were necessitated by stress of weather or other casualty so as to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination, which apparently in this case was Hull, England. As no evidence was submitted to establish whether or not the collector levied duty on material and labor performed upon the ship that is not included within the definitions of ship's repairs or ship's equipment, judgment will be entered in favor of the Government.